UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE W. RIVAS,                                         Civil Action No.

                Plaintiff,

    -against-

DOM'S LAWNMAKER, INC. and
DOMINICK D'ALONZO,

                Defendants.
------------------------------------------------------------X

## COMPLAINT

The Plaintiff, Jose W. Rivas, as and for his Complaint against the Defendants, Dom's Lawnmaker, Inc. and Dominick D'Alonzo, ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2.    Additionally, this action is brought to recover prevailing wages and supplemental benefits which Plaintiff was statutorily and contractually entitled to receive for work he performed on various public works projects.

3.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

4.    The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

5.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

6.     Plaintiff, Jose W. Rivas ("Plaintiff"), was employed by Defendants as a tree trimmer/cutter from on or about April 2009 to on or about January 2015.

7.     Pursuant to 29 U.S.C. §216(b) of the FLSA, Rivas' written consent to become a party plaintiff is attached hereto as Exhibit "A."

8.     Upon information and belief, Dom's Lawnmaker, Inc. ("Dom's") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Upon information and belief, Dom's maintains a place of business located in Port Washington, New York.

10.    At all relevant times, Defendant Dominick D'Alonzo ("D'Alonzo") was and still is a corporate officer of Dom's. Upon information and belief, at all times relevant, D'Alonzo exercised operational control over Dom's, controlled significant business functions of Dom's, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Dom's in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, D'Alonzo has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

11.    During the years 2009 to 2015, Dom's contracted with governmental entities to perform tree removal and tree trimming services for the Town of Hempstead, Town of Oyster

Bay, Town of Babylon, Metro-North Railroad, and the Long Island Railroad ("Public Works Projects").

12. New York State Labor Law § 220 provides that the wages to be paid to tree trimmers/cutters employed upon public work shall not be less than the "prevailing rate of wages."

13. The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. See New York Labor Law § 220.

14. New York Labor Law § 220 also requires that tree trimmers/cutters upon such public work be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. The prevailing rate of supplemental benefits is determined in the same manner as wages. See New York Labor Law § 220.

15. Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to, and was made a part of each of the Dom's Public Works Contracts.

16. Upon further information and belief, the Prevailing Wage Schedule annexed to the Dom's Public Works Contracts was the schedule of prevailing rates of wage and supplemental benefits issued for the year in which the Dom's Public Works Contracts were entered into.

17. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Dom's Public Works Contracts was made for the benefit of all workers

furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

18. At all times relevant to this action, Plaintiff performed labor at the Public Works Projects for the benefit of and at the direction of Dom's.

19. Plaintiff's responsibilities included performing tree removal and tree trimming services for the defendants at Public Works Projects.

20. During the years 2009 to 2013, the plaintiff generally worked from Monday through Saturday each week.

21. During this time, plaintiff did not punch in when he arrived at work each morning and did not punch out when his work day ended each evening.

22. During this time, plaintiff's work schedule was as follows: Monday through Friday – 6:30 a.m. to 6:30 p.m. and Saturday – 7:00 a.m. to 5:00 p.m.

23. During this time, plaintiff worked 70 hours each week.

24. During this time, plaintiff was not given any uninterrupted meal breaks.

25. During this time, plaintiff was paid by the hour.

26. During this time, the defendants paid Plaintiff for only 40 hours of work per week.

27. During this time, the defendants never paid the plaintiff the prevailing rate of wage for any of the hours that he worked.

28. During this time, the defendants did not pay the plaintiff his regular rate of pay once he reached 40 hours of work each week.

29. During this time, the defendants never paid the plaintiff the prevailing rate of wage once he reached 40 hours of work each week.

30. During this time, the defendants did not pay the Plaintiff any compensation at all after the Plaintiff worked 40 hours each week.

31. During this time, the defendants did not pay the Plaintiff overtime compensation.

32. During this time, the defendants did not pay the Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours a week.

33. During this time, the defendants did not pay the Plaintiff one and a half times the prevailing rate of wage when he worked overtime.

34. For a period of approximately 7 months during the year 2013, the plaintiff worked for the defendants in upstate New York and worked Monday through Friday each week.

35. During this time, plaintiff did not punch in when he arrived at work each morning and did not punch out when his work day ended each afternoon.

36. During this time, plaintiff's work schedule was as follows: Monday through Friday – 7:30 a.m. to 5:00 p.m.

37. During this time, plaintiff was given a 30 minute uninterrupted meal break.

38. During this time, plaintiff worked 45 hours each week.

39. During this time, plaintiff was paid by the hour.

40. During this time, the defendants paid Plaintiff for only 40 hours of work per week.

41. During this time, the defendants did not pay the plaintiff his regular rate of pay once he reached 40 hours of work each week.

42. During this time, the defendants never paid the plaintiff the prevailing rate of wage once he reached 40 hours of work each week.

43. During this time, the defendants did not pay the Plaintiff any compensation at all after the Plaintiff worked 40 hours each week.

44. During this time, the defendants did not pay the Plaintiff overtime compensation.

45. During this time, the defendants did not pay the Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours a week.

46. During this time, the defendants did not pay the Plaintiff one and a half times the prevailing rate of wage when he worked overtime.

47. From the time plaintiff finished working in upstate New York for the defendants in 2013 until the end of his employment, the plaintiff generally worked Monday through Friday.

48. During this time, plaintiff did not punch in when he arrived at work each morning and did not punch out when his work day ended each evening.

49. During this time, plaintiff's work schedule was as follows: Monday through Friday – 6:30 a.m. to 6:30 p.m.

50. During this time, plaintiff worked 1 Saturday each month.

51. During this time, when the plaintiff worked 1 Saturday a month, he worked form 7:00 a.m. to 5:00 p.m.

52. During this time, plaintiff worked 60 hours each week with the exception of one week each month when he worked 70 hours.

53. During this time, plaintiff was not given any uninterrupted meal breaks.

54. During this time, plaintiff was paid by the hour.

55. During this time, the defendants paid Plaintiff for only 40 hours of work per week.

56. During this time, the defendants never paid the plaintiff the prevailing rate of wage for any of the hours that he worked.

57. During this time, the defendants did not pay the plaintiff his regular rate of pay once he reached 40 hours of work each week.

58. During this time, the defendants never paid the plaintiff the prevailing rate of wage once he reached 40 hours of work each week.

59. During this time, the defendants did not pay the Plaintiff any compensation at all after the Plaintiff worked 40 hours each week.

60. During this time, the defendants did not pay the Plaintiff overtime compensation.

61. During this time, the defendants did not pay the Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours a week.

62. During this time, the defendants did not pay the Plaintiff one and a half times the prevailing rate of wage when he worked overtime.

63. During the course of the Plaintiff's employment, the Defendants failed to maintain accurate time records for the hours that the plaintiff worked.

64. Defendants managed Plaintiff's employment, including the amount of overtime worked.

65. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

66. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

67. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

70. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

71. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2014, 2013, and 2012 was not less than $500,000.00.

72. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

73. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

74. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the plaintiff overtime compensation as required by the FLSA.

75. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

76. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

77. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

78. Defendants have not acted in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

82. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

83. By the above-alleged conduct, Defendants failed to pay plaintiff overtime compensation as required by the New York Labor Articles.

84. By the above-alleged conduct, Defendants have failed to pay plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Dom's on the New York Public Works Projects.

85. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

86. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

87. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL Sections 191 and 198

88. That the defendants suffered and permitted the plaintiff to regularly work several hours a week without paying the plaintiff his regular rate of pay or prevailing rate of wages.

89. The defendants' failures to pay the plaintiff for all the hours he worked each week constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to plaintiff's rights.

90. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
## Breach of the Public Works Contracts

91. Upon information and belief, the Public Works Contracts entered into by Dom's contained schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff.

92. Those prevailing rates of wages and supplemental benefits were made part of the Dom's Public Works Contracts for the benefit of the Plaintiff.

93. At all times relevant to this action, Plaintiff performed labor at the Public Works Projects for the benefit of and at the direction of Dom's.

94. Dom's breached the Public Works Contracts by willfully failing to pay and ensure payment to Plaintiff the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiff upon the Public Works Projects.

95. By reason of its breach of each Public Works Contract, Dom's is liable to Plaintiff in an amount to be determined at the trial, plus interest, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

       1.     Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

       2.     Willfully violated overtime provisions of the FLSA;

       3.     Violated the provisions of the NYLL by failing to pay overtime wages, regular wages, and prevailing rate of wages to Plaintiff;

       4.     Willfully violated the overtime, regular wages, and prevailing rate of wages of the NYLL.

B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C.    Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.    Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.    Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
       September 8, 2015

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Rivas v. Dom's Lawnmaker, Inc. and Dominick D'Alonzo** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       August 12, 2015

                                                  _____
                                                  Jose W. Rivas