UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSE W. RIVAS, | Plaintiff, | 15-cv-05198 (SIL) |
| -against- | | |
| DOM'S LAWNMAKER, INC. and DOMINICK D'ALONZO, | | DECLARATION |
| | Defendants. | ECF CASE |

## DECLARATION OF JUSTIN M. REILLY

I, Justin M. Reilly, Esq., pursuant to 28 U.S.C. § 1746, declare and state as follows:

1.  I am associated with the law firm of Neil H. Greenberg & Associates, P.C., attorneys for Plaintiff, Jose W. Rivas, in the above-captioned matter. I have personal knowledge of the facts set forth herein and submit this declaration in support of the parties' Joint Motion to Approve the FLSA Settlement.

2.  Attached hereto as Exhibit 1 is a true and accurate copy of the parties' fully executed Settlement Agreement and Release as to Plaintiff's FLSA claims (the "FLSA Settlement Agreement").

3.  Attached hereto as Exhibit 2 is a true and accurate copy of a Stipulation of Dismissal of this action, executed by counsel for all parties.

4.  While the FLSA Settlement Agreement resolved solely the FLSA claims at issue, the parties have agreed to resolve all of the Plaintiff's claims through this agreement and another, separate, confidential agreement (referred to herein as the "NYLL Settlement Agreement"), which will resolve all of the Plaintiff's non-FLSA claims.

5.  Plaintiff, Jose W. Rivas, worked from in or around March 2010 to March 2015 at Dom's Lawnmaker, Inc. ("Dom's").

6.  My office prepared a week-by-week damages chart where it was estimated that if Plaintiff was successful on his FLSA claims, he may be entitled to approximately $100,279.51 in unpaid overtime compensation. This was arrived at by calculating the time and a half rate for between 5 and 30 hours of alleged overtime each week during the entire three year FLSA statute of limitations period. Defendants vigorously opposed plaintiff's damages chart and averred that, at the very least, the half-time rate should have been applied to the damages analysis which would have reduced the overtime claim by two-thirds. Defendants also vigorously contested the hours plaintiff claimed to have worked, especially during the winter months of December, January, and February.

7.  Over the course of this litigation, the parties have been engaged in extensive settlement negotiations, which have included the exchange of information on an informal, settlement-only basis, the exchange of discovery requests and responses, and a Court-led settlement conference.

8.  Defendants have asserted and maintained throughout that Plaintiff worked far fewer hours than alleged in the Complaint, that the hours Plaintiff claimed to have worked during the winter months was greatly exaggerated, and that other work was no more than a *de minimis* amount.

9.  In addition to the issues in dispute in this case, which presented risks and uncertainties to both Defendants and to Plaintiff, the parties were also mindful of the inherent costs of continued litigation, including motion practice on discovery disputes, fact discovery and potential expert discovery, dispositive motion practice, and a potential jury trial and appeal

process.

10. With regard to the attorney's fees portion of the settlement, I have been given an hourly rate of $300.00 in the Eastern District of New York. *See Duran v. K&J Supermarket, Inc., et al.*, 11 CV 276 (TLM); *See also Akin v. Anjon of Greenlawn, Inc.*, 12 CV 4286 (LDW)(AKT). I have billed more than 60 hours for work performed on this case. I have billed each hour of work on my firm's Amicus Attorney system within a short period of time of performing such work. The work that I performed in this case included taking this case from the filing of a complaint through the discovery process and settlement conference in Court.

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: Massapequa, New York
August 16, 2017

NEIL H. GREENBERG & ASSOCIATES, P.C.

Justin M. Reilly, Esq.
4242 Merrick Road
Massapequa, NY 11758
Telephone: (516) 228-5100

*Attorneys for Plaintiff*

3