# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into among Jose W. Rivas ("Plaintiff"), Dom's Lawnmaker, Inc. (hereinafter "Dom's") and Dominick D'Alonzo (collectively "Defendants"), and together with any past, present or future subsidiaries, divisions, parent entities, joint venturers, partners, partnerships or other affiliated or related entities and all successors, assigns, insurers, counsel, administrators, executors, officers, directors, agents, shareholders, debtors, creditors, trustees, representatives and/or employees thereof, and any sponsored benefit plan, are hereinafter sometimes collectively referred to as "Defendants Released Parties". Desiring to settle Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et al.*, as amended and the U.S. Department of Labor's regulations under the FLSA, claims against Defendants, herein collectively referred to as "FLSA Claims", including but not limited to FLSA Claims relating to or arising out of Plaintiff's employment with the Defendants and the action in United States District Court, Eastern District of New York entitled *Jose W. Rivas v. Dom's Lawnmaker, Inc. and Dominick D'Alonzo*, Civil Action No. 15-cv-05198 (SIL) (the "Action"), Plaintiff and Defendants hereby agree to the following terms and conditions of settlement:

1. <u>No Admission</u>. Defendants have entered into this Agreement solely for the purpose of avoiding the burden and expense of further litigation. Plaintiff understands, acknowledges and agrees that neither the consummation of this Agreement nor anything contained herein, shall be construed or considered, in any way, to be an admission by Defendants of guilt, liability, or non-compliance with federal, state or local laws, public policies, case law, contracts (oral or written, express or implied), or any policies or practices promulgated by Defendants or of any other wrongdoing whatsoever.

2. <u>Inclusive Nature of Agreement</u>. Plaintiff agrees that this Agreement resolves and

settles any and all FLSA Claims of any kind that Plaintiff may have against or with respect to Defendants.

3.  No Claims Permitted.

   a. Plaintiff waives his rights to file any charge or complaint on Plaintiff's behalf against Defendants, and to participate in any claim, charge or complaint against Defendants which may be made by any other person or organization on Plaintiff's behalf or otherwise before any federal, state or local court, any administrative agency, or in any arbitration, union grievance procedure, or other forum, as to any FLSA Claims released herein.

   b. Plaintiff confirms that, except for the Action, no charge, complaint, or action exists in any forum, including, the United States Department of Labor. Should any charge or complaint of any nature ever be filed by Plaintiff against Defendants as to any claims released herein, Plaintiff agrees that he will not accept any relief or recovery therein.

   c. In the event that any claim is filed by Plaintiff against Defendants as to any FLSA Claims released herein, it shall be dismissed as to Plaintiff with prejudice upon presentation of this Agreement.

4.  Consideration.

   a. Defendants agree to pay Plaintiff and Plaintiff's counsel the gross amount of Five Thousand Dollars ($5,000.00), less payroll taxes, ("Settlement Payment"). The Settlement Payment will be paid in the manner and according to the schedule in the attached Exhibit A after Lipman & Plesur, LLP, Defendants' attorneys, receive: (i) a so ordered Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit B; (ii) this Agreement executed by Plaintiff; and, (iii) a completed W-9 Form from Neil H. Greenberg & Associates, P.C. ("Greenberg Law") and completed W-4 and W-9 Forms from Plaintiff. Defendants will be under no obligation to

2

make any Settlement Payment should the Court refuse to so order the Stipulation of Dismissal with Prejudice in the form attached as Exhibit B.

        b.       Without limiting the terms of this Agreement, the parties hereto agree and acknowledge that the Settlement Payment is in full and final disposition and complete satisfaction of any and all FLSA Claims against Defendants by Plaintiff released herein, including, but not limited to, claims for attorneys' fees and costs. Plaintiff expressly directs Defendants to send the Settlement Payment to Greenberg Law, and acknowledges that receipt of the Settlement Payment by Greenberg Law constitutes receipt thereof by Plaintiff and agrees that the Settlement Payment constitutes an accord and satisfaction.

        c.       Plaintiff agrees that the Settlement Payment stated above resolves all FLSA Claims released herein. Plaintiff will be materially breaching this Agreement if Plaintiff asserts a claim in the future that Plaintiff has not been paid for all hours worked or any other FLSA wage violations for any work for Defendants during the course of his employment, including but not limited to, the Action. In the event that any federal, state or local taxing authority or court determines that taxes, interest or penalties are due and owing as a result of the Plaintiff's failure to properly file his taxes owed as a result of the receipt of the Settlement Payment, those taxes, interest and penalties are the sole obligation and liability of Plaintiff, who agrees to hold harmless and to indemnify Defendants from any tax-related or other liability, including attorneys' fees.

5.      <u>Release of FLSA Claims.</u> Plaintiff knowingly and voluntarily releases and forever discharges the Defendants Released Parties of and from any and all FLSA Claims of whatever kind and whatever nature, which Plaintiff has or may have against the Defendants Released Parties under the FLSA. Plaintiff further agrees that, as a consequence of this Agreement, Plaintiff shall not seek or accept any award or settlement from Defendants from any proceeding relating to FLSA

3

Claims for any event, cause or matter whatsoever occurring before the execution of this Agreement. Plaintiff agrees that accepting any such award or settlement is a material breach of this Agreement.

6. <u>Consultation With Counsel</u>. Plaintiff acknowledges that Plaintiff has been given the opportunity to consult with an attorney prior to executing this Agreement and has consulted with attorneys at Greenberg Law; Plaintiff has carefully read this Agreement in its entirety; Plaintiff fully understands the terms of this Agreement and their significance; and, Plaintiff voluntarily agrees to all the terms and conditions contained herein, and acknowledges that Plaintiff signs this Agreement voluntarily and of Plaintiff's own free will.

7. <u>Binding Agreement</u>. This Agreement is binding upon, and shall inure to the benefit of, the parties hereto and their respective heirs, executors, administrators, successors and assigns.

8. <u>Interpretation</u>. This Agreement is made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of said State to contain an enforceable release. The parties agree that a court, administrative agency or other entity construing this Agreement can interpret or modify any clause to the extent necessary to render it enforceable. If, at any time after the date of the execution of this Agreement, any provision of this Agreement shall be held to be illegal, void or unenforceable, and cannot be modified or interpreted to be enforceable (which the parties authorize said court or other entity to do), such provision shall be of no force and effect. The illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. However, if the release set forth in this Agreement is held to be illegal, void or unenforceable as to the Plaintiff, Plaintiff agrees to execute a valid release within ten (10) business days of the court's or agency's ruling limiting or voiding the release. To the extent the release set forth herein is held to

4

be illegal, void or unenforceable, and Plaintiff then threatens to assert or asserts a claim that would have been released under the original release, upon demand by Defendants, Plaintiff will return the Settlement Payment to Defendants.

9. Section Headings. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

10. Competency to Execute. Plaintiff represents and warrants to and for the benefit of the Defendants Released Parties that Plaintiff is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive and/or release any and all FLSA Claims Plaintiff has or may have against the Defendants Released Parties. Plaintiff is not a party to any bankruptcy or other lien, creditor-debtor or other proceeding which would impair Plaintiff's right to settle the Action and to waive all FLSA Claims Plaintiff may have against Defendants Released Parties.

11. Execution of Counterparts. The parties may execute this Agreement in separate counterparts, and the counterparts, when taken together, shall have the same force and effect as if all parties had executed a single copy of this Agreement.

THE PARTIES HERETO HAVE READ AND FULLY CONSIDERED THIS AGREEMENT AND EACH OF THEM DESIRE TO ENTER INTO THIS AGREEMENT. THE TERMS OF THIS AGREEMENT, INCLUDING THE FLSA CLAIMS RELEASE, ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFF AND DEFENDANTS. PLAINTIFF ACKNOWLEDGES THAT THE RIGHTS AND CLAIMS PLAINTIFF WAIVES IN THIS AGREEMENT ARE IN EXCHANGE FOR CONSIDERATION IN ADDITION TO ANYTHING OF VALUE TO WHICH PLAINTIFF ALREADY IS ENTITLED AND THAT PLAINTIFF WOULD NOT RECEIVE SAID CONSIDERATION EXCEPT FOR PLAINTIFF'S EXECUTION OF THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF HAS READ THIS AGREEMENT FULLY AND CAREFULLY AND UNDERSTAND ITS TERMS AND THAT PLAINTIFF IS SIGNING IT KNOWINGLY AND VOLUNTARILY.

Dated: 8/29/17                                    _____
                                                  Jose W. Rivas

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF Nassau  )

On this 29 day of August 2017 before me personally came Jose W. Rivas, to me known and known to me to be the person described in and who executed the foregoing Settlement Agreement and Release, and he duly acknowledged to me that he executed the same.

_____
Notary Public

                                                  Dom's Lawnmaker, Inc.

Dated: _____                            By: _____
                                                  Name: _____
                                                  Title: _____

Dated: _____                            _____
                                                  Dominick D'Alonzo

6

Dated: ______________________

______________________
Jose W. Rivas

STATE OF NEW YORK )
) ss.:
COUNTY OF ________ )

On this ________ day of ________ 2017 before me personally came Jose W. Rivas, to me known and known to me to be the person described in and who executed the foregoing Settlement Agreement and Release, and he duly acknowledged to me that he executed the same.

______________________
Notary Public

Dom's Lawnmaker, Inc.

Dated: 8-3-2017

By: [signature]
Name: Dominick D'Alonzo
Title: President

Dated: 8-3-2017

[signature]
Dominick D'Alonzo

EXHIBIT A

## SETTLEMENT PAYMENT

1. Within 30 days after Plaintiff fulfilling his obligations under Paragraph 4(a) of this Agreement and a so ordered Stipulation of Dismissal with Prejudice is issued by the Court, Defendants will begin to issue equal monthly checks through March 15, 2018 as follows: (i) checks made payable to "Neil H. Greenberg & Associates, P.C." for attorneys' fees and costs that will total in the aggregate $1,600.00 for which IRS Form 1099 will be issued; and (ii) checks made payable to Jose Rivas that will total in the aggregate in the gross amount of $3,400.00, as and for wages, less applicable withholdings deductions, for which IRS Form W-2 will be issued.

EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSE W. RIVAS, | | 15-cv-05198 (SIL) |
| Plaintiff, | | |
| -against- | | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| DOM'S LAWNMAKER, INC. and DOMINICK D'ALONZO, | | |
| | | **ECF CASE** |
| Defendants. | | |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants, through their counsel, who are authorized by their respective clients to execute this Stipulation, that the above-captioned action be dismissed, in its entirety, with prejudice and without any award of attorneys' fees, costs or other relief.

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be signed in counterparts and a facsimile or electronic signature shall be sufficient for all purposes.

NEIL H. GREENBERG & ASSOCIATES, P.C.

By: _____
Justin M. Reilly, Esq.
4242 Merrick Road
Massapequa, NY 11758
Telephone: (516) 228-100
Facsimile: (516) 228-5106
*Attorneys for Plaintiff*

Dated: 8/29/17

LIPMAN & PLESUR, LLP

By: _____
David A. Robins, Esq.
500 North Broadway, Suite 105
Jericho, NY 11753-2131
Telephone:   (516) 931-0050
Facsimile:   (516) 931-0030
*Attorneys for Defendants*

Dated: 8/30/17

SO ORDERED:

_____
U.S.M.J.